Bonnie L. Stokes, State Bar No. 249783
Brittany A. Salamin, State Bar No. 326556
STOKES O'BRIEN, LLP
750 B Street, Suite 1610
San Diego, California 92101
Telephone No.: 619.696.0017
Fax No.: 619.342.9663
E-Mail: bonnie@stokesobrien.com

Attorneys for Plaintiffs Strawn's Concrete, Inc., and
David Strawn

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/29/2019 at 02:52:18 PM

Clerk of the Superior Court
By Erika Engel, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

STRAWN'S CONCRETE, INC., a California corporation; and DAVID STRAWN, an individual,

   Plaintiffs,

v.

COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING, a Pennsylvania Corporation; and DOES 1 through 25, inclusive,

   Defendants.

Case No. 37-2019-00045620-CU-FR-CTL

**COMPLAINT**

1. **FRAUD**
2. **CRIMINAL USURY**
3. **UNFAIR COMPETITION VIOLATIONS**
4. **CIVIL EXTORTION**
5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
6. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
7. **INTENTIONAL INTERFERNCE WITH CONTRACT**
8. **DECLARATORY RELIEF**

  COME NOW plaintiffs Strawn's Concrete, Inc., a California Corporation ("Strawn's Concrete") and David Strawn, an individual ("Mr. Strawn") (collectively, "Plaintiffs") to complain against defendants Complete Business Solutions Group, Inc., d/b/a Par Funding, d/b/a Broadway Advance Funding, a Pennsylvania Corporation ("PAR"); and DOES 1 through 25 as follows:

///

///

///

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**PARTIES**

1.     Strawn's Concrete is, and at all relevant times herein was, a California corporation with its principal place of business in Contra Costa County, California and doing business primarily in Contra Costa County, Sonoma County, and San Joaquin County, California.

2.     Mr. Strawn is, and at all relevant times herein was, an individual residing in the County of Contra Costa and doing business in the County of Contra Costa, California.

3.     Plaintiffs are informed and believe, and based thereon allege, that defendant Complete Business Solutions Group, Inc. d/b/a Par Funding d/b/a Broadway Advance Funding ("PAR") is a Pennsylvania corporation doing business in the State of California.

4.     Plaintiffs are unaware of the true names and capacities, whether individual, associations, partnerships, corporations, or otherwise of the defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs allege on information and belief that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiffs will amend their complaint when the true names of such defendants are discovered.

5.     Plaintiffs are informed and believe, and thereon allege, that Defendants, including those named as DOES, were, at all times relevant herein, the agents, servants, and/or employees of their co-defendants, and each of them, and in doing the things herein alleged, were acting at least in part within the course and scope of their authority as such agents, servants, and/or employees of their co-defendants, and each of them.  All of the defendants will be referred to herein collectively as "Defendants."

6.     Plaintiffs are informed and believe, and thereon allege, that the acts and/or omissions of Defendants, including those named as DOES, were authorized and/or ratified by the officers, directors, and/or managing agents of Defendants, and each of them.

**INTRODUCTION**

**(Nature of the Action)**

7.     This action arises out of illegal loans financed by Defendants to Plaintiffs that were usurious and both procedurally and substantively unconscionable.  Defendants deceptively refer

to these loans as "merchant cash advances" that are purportedly to be repaid out of the proceeds of future revenue received by Plaintiffs.  The loan payments are automatically extracted by the Defendants from the Plaintiffs' operating account every business day, regardless of the amount of revenue received by the Plaintiffs on any given day.  The amounts to be repaid to the Defendants were far in excess of the amounts lent to Plaintiffs, and the Defendants only lent as much as they believed they could recoup in a short period of time, usually less than a year.

8.   The excess amount of the receivables paid to Defendants over the amount of the cash advanced was, in reality, interest on an amount loaned by Defendants to Plaintiffs.  Because of the short period in which the Defendants would be repaid, the effective annual rates of interest charged to the Plaintiffs were exorbitant – exceeding 800%.  However, Defendants misrepresented what the actual interest rates were by not disclosing the rates altogether, and by improperly misrepresenting their lending vehicle as something other than a loan in order to evade the State of California's usury lending law.

9.   These loans were collateralized by security interests in the Plaintiffs current and after-acquired personal property, and they were personally guaranteed.  The loans also purported to grant the Defendants irrevocable general powers of attorney to act on behalf of the Plaintiffs in order to enforce the defendants' security interests.  However, these purported grants of powers of attorney did not comply with California law.  Moreover, any actions by the Defendants undertaken under these powers of attorneys would need to be in the plaintiffs' best interests given the fiduciary duties imposed on those acting under a power of attorney.

10.   The loans were also secured by a confession of judgment to purportedly be entered in federal and state courts in Pennsylvania.  These confessions of judgment did not comply with fundamental requirements of due process under the United States Constitution as identified by the Supreme Court of California.  Specifically, the confession of judgment did not constitute knowing, voluntary, and intelligent waivers by Plaintiffs of constitutionally required notice and a hearing before entry of judgment against them.  Instead, Plaintiffs were deceived and misled that such confessions of judgment were part of the loan applications.

11.   In making these illegal and/or unconscionable loans, the Defendants committed and

continue to commit illegal, unfair, and/or fraudulent business acts and practices within the meaning of California's Unfair Competition Law.

12.     By this action, Plaintiffs seek damages, restitution, injunctive and declaratory relief, and other legal and equitable remedies.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over each of the Defendants named herein as each of these Defendants either live in San Diego County, California, or does business within San Diego County, California.

14.     Venue in this Court is proper since each of the Defendants named herein does business in San Diego County, California.

## FACTUAL ALLEGATIONS

15.     Defendants have devised and executed a plan and scheme pursuant to which they prey on small businesses across the country that have had difficulty obtaining financing from banks and other traditional financial institutions.

16.     In exchange for a cash advance, Plaintiffs agreed pursuant to a standard-form nonnegotiable contract entitled "Factoring Agreement" to repay Defendants the full amount of the advanced (principal), plus an additional sum, which in reality is interest on the amount advanced. Defendants calculated the amount to be paid in full within a short period of time – usually within four to twelve months – at a set rate that is taken directly from Strawn's Concrete's accounts on every business day.   Strawn's Concrete's promise to pay Defendants was unconditionally guaranteed by Mr. Strawn, and was collateralized by a security interest in all of Strawn's Concrete's current and after-acquired tangible and intangible personal property, as well as Mr. Strawn's personal property.

17.     The effective annual interest rates on these cash advance transactions are exorbitant, well exceeding the legal limit for unlicensed lenders in California and in all cases in an amount that is unconscionable.   In fact, that amount charged exceeds 800% due to the expedited repayment timeframe in which Defendants designed their loans to be repaid.   Rather than disclose the actual interest rate charged, Defendants deceptively included a "Specified Percentage" in their

agreements, which is allegedly a portion of Plaintiffs' receipts the Defendants claimed they would be acquiring in the transactions.

18.     In an effort to evade California's usury, lending, and unfair competition laws, Defendants have included in their standard-form agreements unfair waivers of rights by merchants and guarantors in contravention of fundamental policies and the laws of the State of California, including class action waiver, jury trial waiver, choice-of-forum, and choice-of-law provisions that inure solely to Defendants' benefit and seek to immunize Defendants from liability.

19.     The agreements at issue in this case are contracts of adhesion and are both procedurally and substantively unconscionable.  Defendants, which draft the contracts, exercised unequal bargaining power over Plaintiffs.  The class action and jury trial waivers, choice-of-forum and choice-of-law provisions, and the amount of interest charged are unfair, unconscionable, and otherwise unenforceable under California law.  These provisions are oppressive and unreasonably seek to favor Defendants, facilitate Defendants' violations of California law, and violate California's fundamental public policy.  For these and other reasons, the agreements in general, and these provisions in particular, are unenforceable. Furthermore, although Defendants regularly engage in these transactions, this particular transaction is particularly egregious as Plaintiffs have not even received the funds they were promised, and yet Defendants continue their efforts to collect.

## FIRST CAUSE OF ACTION

### (Fraud – By Plaintiffs Against All Defendants)

20.     Plaintiffs hereby incorporate by this reference each and every paragraph hereinabove as if set forth fully herein.

21.     Defendants misrepresented to Plaintiffs the actual interest charged on the loans to Plaintiffs by including a "Specified Percentage" that was significantly less than the amount of interest that was actually charged.  Defendants claim this "Specified Percentage" as its recoupment of 10% of Plaintiffs' future receipts, while in reality was charging Plaintiffs an annualized interest rate of over 800% interest on a cash advance loan.

22.     Defendants specifically structured their agreements in this fashion in order to

deceive Plaintiffs and to skirt California's criminal usury laws that prohibit unlicensed lenders from abusing small business owners with such excessive and unjustifiable interest rates.

23.     Defendants intended for Plaintiffs to rely on the foregoing misrepresentations and omissions and made said misrepresentations and omissions in order to induce Plaintiffs to enter into the loans with Defendants.

24.     Plaintiffs relied on Defendants' misrepresentations and omissions to their detriment in that Plaintiffs would not have entered into loan agreements with Defendants had they known the true facts regarding the character of and the interest rate of the loans.

25.     Plaintiffs were justified in relying on Defendants' misrepresentations and omissions due to the complexity of the transactions, deceptive presentation of the terms, and the confusing and misleading form of Defendants' agreements.

26.     As a direct and proximate cause of Defendants' fraud as alleged herein, Plaintiffs have suffered damages, the full nature and extent of which are presently unknown, but which will be determined according to proof at trial.

27.     Defendants' acts and omissions as alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

**(Violation of California's Usury Laws – Criminal Usury – By Plaintiffs Against All Defendants)**

28.     Plaintiffs hereby incorporate by this reference each and every paragraph hereinabove as if set forth fully herein.

29.     Defendants have devised and engaged in a scheme pursuant to which they solicit and issue usurious loans to small businesses in California and throughout the nation.  Defendants have disguised and masked the true nature of such transactions by mischaracterizing them as "purchases" of receivables in an attempt to evade California's usury laws.  Notwithstanding the misrepresentations made by Defendants, the cash advance transactions are, in reality, loans.

30.     Defendants are not lenders exempt from California's laws prohibiting usurious loan

1   lending, nor are the transactions that are the subject of this action exempt under California's usury

2   laws.

3       31.     The interest rates charged by Defendants in connection with these loan transactions

4   is in excess of the statutory maximum rates of interest permitted in California for these

5   transactions, and Plaintiffs' obligation to repay such interest is, in fact and practice, unconditional.

6       32.     Defendants willfully intended to enter into each of the above-described usurious

7   transactions with Plaintiffs.

8       33.     The parties to the cash advance arrangements intended, considered and acted as if

9   the transactions were loans.

10      34.     As a direct and proximate result of the forgoing, Plaintiffs have been damaged in

11  an amount to be proven at trial.

12      35.     Plaintiffs seek and are entitled to damages in the amount of the interest paid during

13  the two years immediately prior to the filing of this action, and for a judgment canceling all alleged

14  future payment obligations that will become due for the remainder of the term of Plaintiffs'

15  contracts with Defendants.

16      36.     In addition, Plaintiffs are entitled to damages equal to three times the interest paid

17  by Plaintiffs to Defendants during the twelve months preceding the filing of this action and

18  continuing to the time of judgment herein.

19      37.     Defendants intended to injure Plaintiffs by their willful acts and the conduct was

20  oppressive, fraudulent, and malicious thereby entitling Plaintiffs to an award of exemplary and

21  punitive damages.

22      38.     Further, Plaintiffs seek and are entitled to an order of restitution from Defendants

23  for monies wrongfully obtained, as well as an order enjoining Defendants' wrongful acts and

24  practices, including but not limited to an order requiring Defendants to disgorge all of their ill-

25  gotten gains, as well as such other relief that the Court deems just and proper.

26  ///

27  ///

28  ///

**THIRD CAUSE OF ACTION**

**(Violation of California's Unfair Competition Law – Business and Professions Code section 17200 *et seq*. – By Plaintiffs Against All Defendants)**

39.     Plaintiffs hereby incorporate by this reference each and every paragraph hereinabove as if set forth fully herein.

40.     Defendants have committed, and continue to commit and engage in, unlawful, unfair, and/or fraudulent business acts or practices within the meaning of Business and Professions Code section 17200, *et seq*., in operating their cash advance business.

41.     Defendants' unlawful business practices include, but are not limited to, violation of California's usury laws under Section 1, Article XV of the California Constitution by charging interest on money loans that exceeds California's maximum legal interest limits.

42.     Defendants' unfair and fraudulent business practices include, but are not limited to:

    a.   Falsely stating that their transactions with Plaintiffs are not loans;

    b.   Requiring Plaintiffs to grant Defendants excessively broad security interests in all of the merchant's present and after-acquired tangible and intangible personal property;

    c.   Purporting to obtain irrevocable general powers of attorney from Plaintiffs without complying with California law regarding the grant of such powers of attorney;

    d.   Providing unfair penalty clauses in their agreements pursuant to which Defendants can accelerate the loans or invoke Mr. Strawn's personal guarantee for the full amount allegedly due for any breach of the agreements, no matter how minor, and charging unfair fees, penalties, and attorneys' fees that bear no relation to Defendants' actual damages;

    e.   Including unfair and unconscionable interest rates and choice-of-law, choice-of-forum, class action waiver, and jury trial waiver provisions in their agreements;

    f.   Misrepresenting the actual rate of interest to be charged on their loans to

1    Plaintiffs; and

2    g.    Requiring Plaintiffs to sign confessions of judgment without disclosing the

3          purpose or the legal impact of said documents.

4    43.    The practices described above, as well as other practices, separately and taken in

5    combination render the agreements unfair, illegal, fraudulent, and are void as illegally made

6    usurious loans that violate express provisions of law.  Furthermore, these practices demonstrate an

7    intentional and blatant disregard for the rule of law.

8    44.    Defendants have been unjustly enriched as a result of their wrongful conduct as

9    alleged herein.

10    45.    Plaintiffs are entitled to restitution of all amounts wrongfully obtained by

11    Defendants as a result of the unlawful, unfair, and fraudulent business practices alleged herein.

12    46.    Plaintiffs are also entitled to an order enjoining Defendants from further engaging

13    in wrongful acts and practices described herein, including but not limited to enjoining Defendants

14    from seeking to enforce any judgments from other states in California.

15    <u>**FOURTH CAUSE OF ACTION**</u>

16    **(Civil Extortion – By Plaintiffs Against All Defendants)**

17    47.    Plaintiffs hereby incorporate by this reference each and every paragraph

18    hereinabove as if set forth fully herein.

19    48.    The elements of a civil claim for extortion are set forth as follows: (1) defendant

20    sent or delivered written correspondence to plaintiff; (2) the writing expressed or implied a threat

21    listed in Cal. Penal Code §519; (3) defendant intended to extort money or property from plaintiff;

22    (4) harm; and (5) causation.

23    49.    Defendants' conduct described herein satisfies the elements of civil extortion as

24    Defendants sent and delivered written correspondence to Plaintiffs, the writings expressed and/or

25    implied a threat listed in California Penal Code §519, Defendants intended to extort money or

26    property from Plaintiffs, Plaintiffs suffered harm, and Defendants' threats constituting extortion

27    caused such harm.

28    50.    Defendants' conduct included but was not limited to harassing phone calls, e-mails,

9

and text messages in which therein Defendants threatened litigation, to shut down Plaintiffs' business, and has gone as far as contacting Plaintiffs' clients, all of which were committed in order to deprive Plaintiffs of property and rights belonging to and for which Plaintiffs were entitled to.

51.     As a result of Defendants' extortion, Plaintiffs employed attorney Bonnie L. Stokes, Esq., and Plaintiffs incurred attorney's fees as a result.

52.     Plaintiffs are entitled to punitive damages because Defendants acted with oppression, fraud, malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew about and ratified the actions of the others.  Accordingly, Plaintiffs should be awarded punitive damages against each Defendant, according to proof.

### FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress – By Plaintiffs Against All Defendants)**

53.     Plaintiffs hereby incorporate by this reference each and every paragraph hereinabove as if set forth fully herein.

54.     The actions of Defendants, and DOES 1 through 25, inclusive, and each of them, in taking the actions alleged herein, were done for the purpose of causing Mr. Strawn humiliation, serious mental anguish, and severe emotional and physical distress.

55.     Defendants acted intentionally, or unreasonably with a substantial realization that Defendants' actions would result in psychological terror and severe injury to Mr. Strawn, wherein Defendants abused Defendants' superior contractual position to exert power over Plaintiffs in an extreme and outrageous manner, resulting in such severe emotional distress that caused Plaintiffs' business and personal life to deteriorate.

56.     Defendants' conduct consists of extreme pressure tactics that were specifically designed and intended to exert unreasonable psychological and emotional pressure onto Mr. Strawn, intending to compel Mr. Strawn to repay the usurious, illegal, and unlawful loans Defendants had entered into with Plaintiffs.  See Kiskeskey v. Carpenters' Trust for So. California (1983) 144 Cal.App.3d, 222, 229-30 (finding outrageous conduct where defendants' "conduct was intended to inflict emotional distress in order to compel behavior.").  Defendants' outrageous

conduct included:

    a.  Repeatedly sending improper and threatening text messages to Plaintiffs' personal cellular phone device;

    b.  Sending representatives of Defendant PAR to Plaintiffs' business location in order to intimidate, harass, threaten, annoy, and vex Plaintiffs and Plaintiffs' employees;

    c.  Sending improper and threatening letters to Plaintiffs' clients; and

    d.  Repeatedly calling Plaintiffs' business in order to intimidate, harass, threaten, annoy, and vex Plaintiffs and Plaintiffs' employees.

57.    Defendants acted with wanton and reckless disregard of the consequences to Mr. Strawn's well-being, as the Guarantor with personal liability and exposure for any deficiency in repayment of Defendants' usurious and fraudulently issued loans.

58.    As a direct and proximate result of the aforementioned acts, which constitute extreme and outrageous conduct, and Defendants' extreme and outrageous conduct, Plaintiffs have suffered humiliation, serious mental anguish, and severe or extreme emotional and physical distress, as well as having suffered injuries and damages in an amount according to proof at the time of trial.

59.    The acts and omissions of Defendants were willful, fraudulent, malicious, oppressive, outrageous and so extreme as to exceed all bounds of tolerable behavior in a civilized community, and done so with the intent to vex, annoy, harass, and injure Plaintiffs.  Mr. Strawn is therefore entitled to recover punitive and/or exemplary damages to punish said Defendant as an example in an appropriate amount to be determined by the trier of fact.

### SIXTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – By Plaintiffs Against All Defendants)**

60.    Plaintiffs incorporate by this reference each and every paragraph hereinabove as if set forth herein.

61.    In every contract or agreement there is an implied covenant of good faith and fair

dealing that means each party will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract.

62.     Plaintiffs entered into a written agreement with Defendants.

63.     Plaintiffs did all, or substantially all, of the significant things the contract required Plaintiffs to do, or were excused from doing all those things.

64.     All conditions precedent required for Defendants' performance under the contract were completed by Plaintiffs.

65.     Defendants unfairly interfered with Plaintiffs' rights to receive the benefits under the alleged contract by failing to remit the full amount due and owing under the contract and by taking the action(s) further described in this complaint.

66.     Plaintiffs were gravely harmed by Defendants' conduct.

## SEVENTH CAUSE OF ACTION

**(Intentional Interference With Contract – By Plaintiffs Against All Defendants)**

67.     Plaintiffs hereby incorporate by this reference each and every paragraph hereinabove as if set forth fully herein.

68.     Strawn's Concrete has valid and existing written contracts with third parties, Saw Construction, Antioch Building Materials, White Cap, CF&T, Shea Homes, Silvermark Construction, Sonoma County Builders, Pacific Crest Builders, Gateway Builders, Alberto Lana, Spring Hill Homes, and Saw Construction (collectively, "Third Parties"), whereby Strawn's Concrete provides services for construction projects.

69.     Defendants learned of the existence of the contracts between Strawn's Concrete and the Third Parties.

70.     On or around August 15, 2019, Defendants' counsel sent Delaware Notices of Assignment and Liens (**not enforceable in California**) to the Third Parties demanding each hold all funds owed to Plaintiffs, and as a result of the Defendants' intentional interference with Plaintiffs' contractual relationships with the Third Parties, Plaintiffs' business relationships with the Third Parties immediately began to decline.

71.     As of the date of this Complaint, Plaintiffs' counsel has received emails and phone

1    calls from the Third Parties expressing hesitation to release funds owed to Plaintiffs.

2    72.    Plaintiffs are informed and believe and thereon allege that Defendants letter guided

3    the Third Parties' actions for the sole purpose of creating hardship on Plaintiffs' business.

4    73.    Defendants' intentional interference with Plaintiffs contracts with the Third Parties

5    harmed the business relationship and forced ongoing payment disputes between Plaintiffs and the

6    Third Parties.  Even now, the business relationship between Plaintiffs and the Third Parties are

7    seriously disrupted as a result of Defendants' actions.

8    74.    Defendants' actions were oppressive and malicious and therefore warrant an award

9    of punitive damages pursuant to Section 3294 of the California Civil Code.

10                              **EIGHTH CAUSE OF ACTION**

11                  **(Declaratory Relief – By Plaintiffs Against All Defendants)**

12    75.    Plaintiffs hereby incorporate by this reference each and every paragraph

13    hereinabove as if set forth fully herein.

14    76.    A dispute has arisen between Plaintiffs, on the one hand, and Defendant, on the

15    other hand, regarding the legal implications of the transactions alleged herein.  Plaintiffs

16    maintain that the amounts advanced by Defendants were loans subject to the laws of the State of

17    California, that this is the proper venue of this action, and that the loans and the interest charged

18    by Defendants were illegal and/or unconscionable and, as a result, Plaintiffs are not liable to

19    Defendants for any portion of the amounts Defendants' claim are owed by Plaintiffs.  Plaintiffs

20    are informed and believe, and thereon allege, that Defendants maintain that the amounts owed

21    were not loans and that Plaintiffs' claims are properly resolved in Pennsylvania using

22    Pennsylvania law.  Accordingly, a declaration from the Court is necessary in order to resolve the

23    parties' competing claims.

24    77.    Plaintiffs seek an order from the Court declaring that the transactions alleged

25    herein are governed by California law, that this is the proper venue for this action, that the loans

26    and the interest charged by Defendants were illegal and/or unconscionable and, as a result,

27    Plaintiffs are not liable to Defendants for any portion of the amounts Defendants' claim are owed

28    by Plaintiffs.

                                                                                        13

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      For judgment against Defendants for actual, direct, incidental, consequential, exemplary and/or statutory damages in Plaintiffs' favor in such amounts as will be proven at trial as appropriate of each cause of action asserted in this complaint;

2.      For a temporary restraining order, preliminary injunction, and a permanent injunction prohibiting Defendants from further engaging in illegal, unfair, and/or fraudulent business acts and practices;

3.      For an order declaring that the transactions alleged herein are governed by California law, that this is the proper venue for this action, that the loans and the interest charged by Defendants were illegal and/or unconscionable and, as a result, Plaintiffs are not liable to Defendants for any portion of the amounts Defendants' claim are owed by Plaintiffs;

4.      For disgorgement of Defendants' ill-gotten gains as a result of Defendants' illegal, unfair, and/or fraudulent business acts and practices;

5.      For costs of this suit, including the reasonable attorneys' fees incurred herein; and

6.      For such other and further relief as the Court deems just and proper.


Dated: August 29, 2019.                              /s/ *Bonnie L. Stokes*
                                                      Bonnie L. Stokes
                                                      Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Bonnie L. Stokes, State Bar No. 249783
2  Brittany A. Salamin, State Bar No. 326556
   STOKES O'BRIEN, LLP
3  750 B Street, Suite 1610
   San Diego, California 92101
   Telephone No.: 619.696.0017
4  Fax No.: 619.342.9663
   E-Mail: bonnie@stokesobrien.com
5
   Attorneys for Plaintiffs Strawn's Concrete, Inc., and
6  David Strawn

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/09/2019** at 09:53:00 AM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

9

10  STRAWN'S CONCRETE, INC., a California
    corporation; and DAVID STRAWN, an
11  individual,

12          Plaintiffs,

13  v.

14  COMPLETE BUSINESS SOLUTIONS
    GROUP, INC. D/B/A PAR FUNDING D/B/A
15  BROADWAY ADVANCE FUNDING, a
    Pennsylvania Corporation; and DOES 1
16  through 25, inclusive,

17          Defendants.

18

19

20

Case No. 37-2019-00045620-CU-FR-CTL

**PLAINTIFFS' EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE
RE PRELIMINARY INJUNCTION**

Date: September 10, 2019
Time: 9:00AM
Dept.: C-75

Judge: Hon. Richard E. L. Strauss
Complaint Filed: August 29, 2019

21

22          Plaintiffs STRAWN'S CONCRETE, INC. ("Strawn Concrete") and DAVID STRAWN ("Mr.

23  Strawn") (collectively the "PLAINTIFFS") hereby apply, on an urgent ex parte basis, for a Temporary

24  Restraining Order and Order to Show Cause why a preliminary injunction should not be entered enjoining

25  Defendant COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A

26  BROADWAY ADVANCE FUNDING ("Defendant") from intentionally interfering with Plaintiffs

27  existing written third party contracts and from further efforts to collect from Plaintiffs.

28  ///

                                            1
      PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
             ORDER TO SHOW CAUSE RE PRELIMINARY INJUCTNION

This application is made pursuant to the provisions of Code of Civil Procedure section 527 on the grounds that Defendant's acts, if unrestrained, will cause great and irreparable injury to Plaintiffs, will render any judgment in this action ineffectual, and on the grounds that the requested injunction is necessary to preserve the state quo.

Rule 3.1550(a) of the California Rules of Court states: '[a]n OSC must be used… if the party against whom the preliminary injunction is sought has not appeared in the action." Accordingly, Plaintiffs apply to the Court to issue the order to show cause that is filed concurrently herewith.

On or around August 29, 2019, Plaintiffs filed its Complaint due to Defendants' intentional interference with Plaintiffs' existing third-party contracts.  Accordingly, Plaintiffs request that this Court address this ex parte application on an emergency ex parte basis, so the Preliminary Injunction can be served.

This application is made on the grounds that Plaintiffs are entitled to the relief requested in its Complaint and will likely prevail on the merits; that Defendants willful interference with Plaintiffs' existing third-party contracts will produce great or irreparable harm to Plaintiffs, that Defendants actions constitution a violation of the rights of Plaintiff's and that it would be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief, all in accordance with the relief provided by Code of Civil Procedure section 526.

This application is based upon the attached Memorandum, the Declaration of David Strawn (Strawn's Concrete Found and Manager), the Complaint in this action, and the accompanying Declaration of Bonnie L. Stokes.

Dated: September 9, 2019.

**STOKES O'BRIEN, LLP**
/s/ *Bonnie L. Stokes*
Bonnie L. Stokes
Attorneys for Plaintiff

PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUCTNION

1  Bonnie L. Stokes, State Bar No. 249783
   Brittany A. Salamin, State Bar No. 326556
2  STOKES O'BRIEN, LLP
   750 B Street, Suite 1610
3  San Diego, California 92101
   Telephone No.: 619.696.0017
4  Fax No.: 619.342.9663
   E-Mail: bonnie@stokesobrien.com
5
   Attorneys for Plaintiffs Strawn's Concrete, Inc., and
6  David Strawn

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

9

10  STRAWN'S CONCRETE, INC., a California        Case No. 37-2019-00045620-CU-FR-CTL
    corporation; and DAVID STRAWN, an
11  individual,

12          Plaintiffs,                          **MEMORANDUM IN SUPPORT OF EX
                                                 PARTE APPLICATION FOR
13  v.                                           TEMPORARY RESTRAINING ORDER
                                                 AND ORDER TO SHOW CAUSE RE
14  COMPLETE BUSINESS SOLUTIONS              PRELIMINARY INJUNCTION;
    GROUP, INC. D/B/A PAR FUNDING D/B/A      INCORPORATED DECLARATION OF
15  BROADWAY ADVANCE FUNDING, a              BONNIE L. STOKES IN SUPPORT;
    Pennsylvania Corporation; and DOES 1          DECLARATION OF DAVID STRAWN**
16  through 25, inclusive,

17          Defendants.                          Date: September 10, 2019
                                                 Time: 9:00
18                                               Dept.: C-75

19                                               Judge: Hon. Richard E. L. Strauss
                                                 Complaint Filed: August 29, 2019
20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## I.   **INTRODUCTION**

Plaintiff, Strawn's Concrete, Inc. ("Strawn's Concrete"), has contractual relationships with third parties, Saw Construction, Antioch Building Materials, White Cap, CF&T, Shea Homes, Silvermark Construction, Sonoma County Builders, Pacific Crest Builders, Gateway Builders, Alberto Lana, Spring Hill Homes, and Saw Construction (collectively, "Third Parties"), whereby Strawn's Concrete provides services for construction projects.  Defendant COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING ("Defendant") learned of the existence of the contracts between Strawn's Concrete and the Third Parties.  *See* attached Declaration of David Strawn, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 1 (hereinafter, "Strawn Decl.") at ¶2.

Recently, and as further detailed in the Complaint, on or around August 15, 2019, Defendant's counsel sent Delaware Notices of Assignment and Liens (**not enforceable in California**) to the Third Parties demanding each hold all funds owed to Strawn's Concrete.  As a result of the Defendant's intentional interference with Strawn's Concrete's contractual relationships, Strawn's Concrete's business relationships with the Third Parties are deteriorating, and Defendant's conduct has forced ongoing payment disputes between Strawn's Concrete and the Third Parties.

As of the date of this *ex parte*, Strawn's Concrete's counsel has received emails. phone calls, and text messages from the Third Parties expressing hesitation and/or outright refusal to release funds owed to Strawn's Concrete's.  *See* Declaration of Bonnie L. Stokes (hereinafter "Stokes Decl.") at ¶2. Defendants' intentional interference with Strawn's Concrete's contractual relationship with the Third Parties harmed the business relationship and forced ongoing payment disputes between Strawn's Concrete and the Third Parties.  On or around August 15, 2019, Defendants' counsel sent Delaware Notices of Assignment and Liens to the Third Parties demanding each hold all funds owed to Strawn Concrete's, and as a result of the Defendants' intentional interference Strawn Concrete's contractual relationships with the Third Parties, Strawn Concrete's business relationships with the Third Parties immediately began to decline.

Even now, the business relationship between Strawn's Concrete and the Third Parties are seriously disrupted as a result of Defendants' actions.  Id. at ¶3; Strawn Decl. at

## II.   LEGAL ARGUMENT

### A.  A TEMPORARY RESTRAINING ORDER IS APPROPRIATE WHERE GREAT AND IRREPARABLE INJURY WILL RESULT TO THE APPLICANT UNLESS THE OFFENDING CONDUCT IS IMMEDIATELY RESTRAINED

A temporary restraining order ("TRO") may issue when '[i]t appears from the facts shown by affidavit or by the verified complaint that great or irreparable injury will result to the applicant before the matter can be heard on notice…" (Code. Civ. Proc. § 527(c)(1).).  The Court should grant TRO where the likelihood is that the Plaintiffs will prevail on the merits at trial, and where the interim harm to the Plaintiff without the TRO outweighs the likely harm to the defendant if the order is issued.  Church of Christ in Hollywood v. Superior Court, 99 Cal. App. 4th 1244, 1251 (2d Dist. 2002).

The granting or denial of a temporary restraining order is discretionary with the trial judge and amounts to a mere preliminary or interlocutory order to keep the subject of the litigation in status quo pending the determination of the action on its merits.  Gray v. Bybee, 60 Cal. App. 2d 564, 571, 141 P.2d 32 (3d Dist. 1943).

By this application, Plaintiffs seeks to maintain the status quo pending a noticed hearing on Plaintiffs' request for a preliminary injunction.  As stated in the Declaration of David Strawn (Strawn's Concrete's Founder and Owner), if Defendants are not immediately restrained and enjoined from further intentional interfering with Strawn's Concrete's contractual relationship with Third Parties, Plaintiffs will suffer great and immediate irreparable harm.  Specifically, without an order preventing Defendant's aforementioned conduct, Strawn's Concrete will no longer be able to conduct day to day business.

Upon information and belief, Defendant will argue Strawn's Concrete can still conduct day to day business.  However, Defendant's conduct has harmed Strawn's Concrete's business relationship and forced ongoing payment disputes between Strawn's Concrete's and the Third Parties.  See Declaration of David Strawn (hereinafter "Strawn Decl.") at ¶X.  It has come to a point where the Third Parties will only speak with Plaintiffs' counsel before submitting any payments to Strawn's Concrete for work completed under the existing written contracts. *See* Stokes Decl. at ¶4.

Additionally, Defendants have engaged in and continue to engage in a serious campaign of harassment wherein Defendants call, text and email Plaintiffs to the point where Plaintiffs have found it

1   almost impossible to keep their telephone lines, cell phones, and emails operating in a normal manner so

2   as to ensure Plaintiffs' ability to continue doing business with Plaintiffs' existing clients. Id. at ¶X; Strawn

3   Decl. at ¶5.

### B.  GOOD   CAUSE   EXISTS   FOR   THE   COURT   TO   ISSUE   A   TEMPORARY   RESTRAINING ORDER

6   A temporary restraining order may be issued *ex parte*. Chico Feminist Women's Health Center v.

7   Scully (1989) 208 Cal.App.3d 230, 237.

8   Temporary restraining orders may be granted *ex parte* if it appears from the facts set forth in the

9   affidavit, declaration or verified complaint that great or irreparable injury would result to the applicant

10  before the matter could be heard on notice. Code of Civil Procedure §§ 527(c), 2015.5

11  Courts will issue a temporary restraining order for a limited period of time pending its

12  consideration whether to order a preliminary injunction. *San Diego W. Co. v. Steamship Co.* (1894) 101

13  Cal. 216, 218.

14  Strawn's Concrete will suffer irreparable injury if the temporary restraining order is not granted.

15  See Strawn Decl. at ¶ ¶4-6.

### C.  AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION SHOULD ALSO   ISSUE OR AN ORDER SHORTENING TIME SHOULD ENTER

18  When a preliminary injunction is sought along with a TRO, the party must request an order to

19  show cause (OSC) regarding the preliminary injunction. Cal Rules of Court, rule 3.1150(a).

20  Plaintiffs requests a full hearing on a Preliminary Injunction for the same reasons and under the

21  same authorities as set forth in support of the TRO, and requests that an Order to Show Cause be issued

22  along with the TRO to afford Defendants the opportunity to show why it should not be restrained and

23  enjoined in the same manner for the remained of this litigation.

24  A preliminary injunction is proper in the following circumstances:

25  "(1) When it appears by the complaint that Plaintiff is entitled to the relief demanded, and such

26  relief, or any part thereof, consists in restraining the commission or continuance of the act complained of,

27  either for a limited period or perpetually.

28  (2) When it appears by the complaint or affidavits that the commission or continuance of some act

1    during the litigation would produce waste, or great irreparable injury, to a party to the action.

2    (3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is

3    about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to

4    the action respecting the subject of the action, and tending to render the judgment ineffectual.

5    (4) When pecuniary compensation would not afford adequate relief.

6    (5) Where it would be extremely difficult to ascertain the amount of compensation which would

7    afford adequate relief.

8    (6) Where the restrain is necessary to prevent a multiplicity of judicial proceedings.

9    (7) Where the obligation arises from a trust."

10   Code Civ. Proc. §526(a).

11   As with a Temporary Restraining Order, when granting a Preliminary Injunction, the court weights

12   two interrelated factors; the likelihood the moving party will prevail on the merits, and the relative interim

13   harm to the parties from the issuance or non-issuance of the injunction. *Whyte v. Schlage Lock Co.*, 101

14   Cal.App.4th 1443, 1449 (4th Dist. 2002). As shown in the Declarations submitted herewith, and as will

15   be shown at the hearing on a preliminary injunction, sufficient grounds exist for both the TRO and a

16   preliminary injunction.

17   **III.   EX PARTE RELIEF IS PERMITTED UNDER THESE CIRCUMSTANCES AND**

18   **PLAINTIFFS HAVE COMPLIED WITH CALIFORNIA RULES OF COURT**

19   "An applicant [for an ex parte application] must make an affirmative factual showing in a

20   declaration containing competent testimony based on personal knowledge of irreparable harm, immediate

21   danger, or any other statutory basis for granting relief ex parte." Cal. Rules of Court, rule 3.1202(c).

22   As shown by the attached declarations, and as stated above, there is an imminent and present

23   danger of irreparable harm/immediate danger or other statutory basis for granting relief ex parte. Mere

24   monetary damages will not be able to compensate Plaintiffs if Defendant is not prohibited from further

25   interference of Strawn's Concrete's contractual relationships with the Third Parties. One example of the

26   irreparable harm already taking place is the fact that Strawn's Concrete has not received payment from

27   some of the Third Parties due to Defendant's intentional interference. <u>Strawn Decl.</u> at ¶7. Additionally,

28   <u>Defendants deliberate and hostile harassment of Plaintiffs is and continues to affect Plaintiffs'' day to day</u>

1   operations insofar as Plaintiffs' telephones, emails and cell phones are constantly barraged with

2   communication from Defendants demanding payment and threatening further interference with Plaintiffs'

3   relationship(s) with Third Parties. Id. at ¶5.

4        As shown in the accompanying Declaration of Bonnie L. Stokes, Plaintiffs have complied with all

5   the California Rules of Court as they relate to an ex parte application.

6   **IV.**    **CONCLUSION**

7        For all the foregoing reasons and supporting facts and authorities, Plaintiffs respectfully request

8   that the Court issue a Temporary Restraining Order and set an Order to Show Cause hearing for

9   Preliminary Injunction.  In the alternative, Plaintiffs request that the Court issue the requested temporary

10  restraining order and enter an order shortening time to consider the corresponding OSC.

11  Dated: September 9, 2019.           **STOKES O'BRIEN, LLP**

12                       /s/ *Bonnie L. Stokes*
                     Bonnie L. Stokes

13                       Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INCORPORATED DECLARATION OF BONNIE L. STOKES

I, Bonnie L. Stokes declare as follows:

1.      I am the attorney of record for Plaintiffs herein Strawn's Concrete and David Strawn ("Plaintiffs"). I am authorized to practice law in all courts located within the State of California. I am familiar with the facts and circumstances in the above-entitled matter as they relate to this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.      As of the date of this *ex parte*, I have received emails. phone calls, and text messages from the Third Parties expressing hesitation and/or refusal to release funds owed to Strawn's Concrete's.

3.      Defendants' intentional interference with Strawn's Concrete's contractual relationship with the Third Parties harmed the business relationship and forced ongoing payment disputes between Strawn's Concrete and the Third Parties. Even now, the business relationship between Strawn's Concrete and the Third Parties are seriously disrupted as a result of Defendants' actions.

4.      It has come to a point where the Third Parties will only speak with Plaintiffs' counsel before submitting any payments to Strawn's Concrete for work completed under the existing written contracts.

5.      As required by the California Rules of Court, I notified Defendants of this ex parte application, including the time and date and subject matter, at or around 10:00AM on September 9, 2019 via email at legal.department@parfunding.com. Thereafter, following filing of the ex parte application, I provided copies of the ex parte paperwork to Defendants via email at legal.department@parfunding.com.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated: September 9, 2019.                    By: _____

Bonnie L. Stokes, Esq.

---

PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION                    7

1
2
Bonnie L. Stokes, State Bar No. 249783
Brittany A. Salamin, State Bar No. 326556
STOKES O'BRIEN, LLP
3
750 B Street, Suite 1610
San Diego, California 92101
4
Telephone No.: 619.696.0017
Fax No.: 619.342.9663
5
E-Mail: bonnie@stokesobrien.com
6
Attorneys for Plaintiffs Strawn's Concrete, Inc., and
David Strawn

7
SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION
9

10
11
STRAWN'S CONCRETE, INC., a California
corporation; and DAVID STRAWN, an
individual,
12
          Plaintiffs,
13
v.
14
15
16
COMPLETE BUSINESS SOLUTIONS
GROUP, INC. D/B/A PAR FUNDING D/B/A
BROADWAY ADVANCE FUNDING, a
Pennsylvania Corporation; and DOES 1
through 25, inclusive,
17
          Defendants.
18
19
20

Case No. 37-2019-00045620-CU-FR-CTL

**DECLARATION OF DAVID STRAWN IN
SUPPORT OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE
RE PRELIMINARY INJUNCTION**

Hearing:
Date:  September 10, 2019
Time: 9:00AM
Dept.: C-75

Assigned for All Purpose to:
Judge: Hon. Richard E. L. Strauss
Complaint Filed: August 29, 2019
Trial Date: None set.

21
I, David Strawn, declare:
22
          1.      I am a Plaintiff in this case and the sole owner of STRAWN'S CONCRETE, INC.
23
("Strawn's Concrete"), also Plaintiff in this action, and I have personal knowledge of each fact stated in
24
this Declaration and if called as a witness I would testify to the truth of these facts.
25
          2.      On behalf of Strawn Concrete, I entered into valid and existing written contracts with third
26
parties, Saw Construction, Antioch Building Materials, White Cap, CF&T, Shea Homes, Silvermark
27
Construction, Sonoma County Builders, Pacific Crest Builders, Gateway Builders, Alberto Lana, Spring
28
Hill Homes, and Saw Construction (collectively, the "Third Parties").

DECLARATION OF DAVID STRAWN IN SUPPORT OF EX PARTE APPLICATION
1

3.      Defendant COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING ("Defendant") learned of the existence of these contracts between Strawn's Concrete and the Third Parties.

4.      On or around August 15, 2019, Defendants' counsel sent Delaware Notices of Assignment and Liens to the Third Parties demanding each hold all funds owed to Strawn's Concrete, and as a result of the Defendants' intentional interference with my contractual relationships with the Third Parties, my business relationships with the Third Parties immediately began to decline.

5.      As of the date of this Motion, I and my attorney, Bonnie L. Stokes ("Ms. Stokes") have received emails and phone calls from the Third Parties expressing hesitation to release funds owed to my company and me.  It has come to the point where some of my clients will only speak with Ms. Stokes and will no longer speak with me regarding ongoing projects and payments owed.

6.      I have not been paid on work already completed by my company as a result of Defendant's actions.

DATED: <u>September 9</u>, 2019

*David Strawn*
David Strawn (Sep 9, 2019)

DAVID STRAWN

1  Bonnie L. Stokes, State Bar No. 249783
2  Brittany A. Salamin, State Bar No. 326556
   STOKES O'BRIEN, LLP
3  750 B Street, Suite 1610
   San Diego, California 92101
   Telephone No.: 619.696.0017
4  Fax No.: 619.342.9663
5  E-Mail: bonnie@stokesobrien.com

6  Attorneys for Plaintiffs Strawn's Concrete, Inc., and
   David Strawn

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

9

10 STRAWN'S CONCRETE, INC., a California       Case No. 37-2019-00045620-CU-FR-CTL
   corporation; and DAVID STRAWN, an
11 individual,
                                               **ORDER TO SHOW CAUSE HEARING RE**
12        Plaintiffs,                          **PRELIMINARY INJUNCTION**
                                               **[CRC Rule 3.1150; CCP §527]**
13 v.

14 COMPLETE BUSINESS SOLUTIONS              Hearing:
   GROUP, INC. D/B/A PAR FUNDING D/B/A     Date:  September 10, 2019
15 BROADWAY ADVANCE FUNDING, a              Time:  9:00AM
   Pennsylvania Corporation; and DOES 1     Dept.:  C-75
16 through 25, inclusive,

17        Defendants.                        Assigned for All Purpose to:
                                             Judge: Hon. Richard E. L. Strauss
18                                           Complaint Filed: August 29, 2019
                                             Trial Date: None set.
19

20

21        TO:    Defendant Complete Business Solutions Group, Inc. d/b/a Par Funding d/b/a Broadway

22 Advance Funding:

23        Upon review of the Complaint of Plaintiffs on file in the above-entitled action, and Plaintiffs

24 Strawn's Concrete, Inc., and David Strawn's Application for Order to Show Cause re Preliminary

25 Injunction, and all other papers filed in support thereof, and it appearing to the satisfaction of this Court

26 that this is a proper case for granting an Order to Show Cause:

27 ///
                                                                                     1
28 ///
   _____
           ORDER TO SHOW CAUSE HEARING RE PRELIMINARY INJUNCTION

1    IT IS HEREBY ORDERED that the above defendants appear on _____, 2019 at ___ AM

2  in Department C-75 of the above entitled Court, located in the Hall of Justice, 330 West Broadway, San

3  Diego, California 92101, or as soon thereafter as the matter may be heard, then and there to show cause,

4  if any they or any of them may have, why the Court should not enter an order restraining and enjoining

5  the following acts:

6         1.   Interfering in any way with Plaintiffs contractual relationships with Third Parties.

7         IT IS FURTHER ORDERED, pursuant to Code of Civil Procedure Section 527, that copies of this

8  Order, and all papers filed in this instant matter and to be used in this application, if not already served,

9  are to be personally served on Defendants no later than _____.

10        Pursuant to Code of Civil Procedure Section 527, the hearing on the Motion for Preliminary

11 Injunction is set for _____, at _____AM in Department C-75.

12        The parties are ordered to comply with the following briefing schedule on the motion for

13 preliminary injunction:

14        1.   Opposition is due: _____, by 4:00PM; and

15        2.   Reply is due: _____, by 4:00PM.

16

17     **IT IS SO ORDERED.**

18

19 DATED: _____, 2019                       _____

20                                                Hon. Richard E.L. Strauss

21                                                Judge of the Superior Court

22

23

24

25

26

27                                                                        2

28 _____
       ORDER TO SHOW CAUSE HEARING RE PRELIMINARY INJUNCTION

Bonnie L. Stokes, State Bar No. 249783
Brittany A. Salamin, State Bar No. 326556
STOKES O'BRIEN, LLP
750 B Street, Suite 1610
San Diego, California 92101
Telephone No.: 619.696.0017
Fax No.: 619.342.9663
E-Mail: bonnie@stokesobrien.com

Attorneys for Plaintiffs Strawn's Concrete, Inc., and
David Strawn

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| STRAWN'S CONCRETE, INC., a California corporation; and DAVID STRAWN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING, a Pennsylvania Corporation; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 37-2019-00045620-CU-FR-CTL <br><br> **[PROPOSED] ORDER** <br><br> Date: September 10, 2019 <br> Time: 9:00am <br> Dept.: C-75 <br><br> Judge: Hon. Richard E. L. Strauss <br> Complaint Filed: August 29, 2019 |

Plaintiffs STRAWN'S CONCRETE, INC. ("Strawn Concrete") and DAVID STRAWN ("Mr. Strawn") (collectively the "PLAINTIFFS") hereby apply, on an urgent ex parte basis, for a Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not be enjoining Defendant COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING ("Defendant") from intentionally interfering with Plaintiffs existing written third party contracts.

This application is made pursuant to the provisions of Code of Civil Procedure section 527 on the

1

PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE PRELIMINARY INJUCTNION

1  ground that Defendant's acts, if unrestrained, will cause great and irreparable injury to Plaintiffs, will

2  render any judgment in this action ineffectual, and on the grounds that the requested injunction is

3  necessary to preserve the state quo.

4      Rule 3.1550(a) of the California Rules of Court states: '[a]n OSC must be used… if the party

5  against whom the preliminary injunction is sought has not appeared in the action." Accordingly, Plaintiffs

6  apply to the Court to issue the order to show cause that is filed concurrently herewith.

7      On or around August 29, 2019, Plaintiffs filed its Complaint due to Defendants' intentional

8  interference with Plaintiffs' existing third-party contracts.  A *Motion for Preliminary Injunction* has been

9  filed concurrently herewith.  Accordingly, Plaintiffs request that this Court issue the application on an

10  emergency ex parte basis, so the Preliminary Injunction can be served.

11      This application is made on the grounds that Plaintiffs are entitled to the relief requested in its

12  Complaint and will likely prevail on the merits; that Defendants willful interference with Plaintiffs'

13  existing third-party contracts will produce great or irreparable harm to Plaintiffs, that Defendants actions

14  constitution a violation of the rights of Plaintiff's and that it would be extremely difficult to ascertain the

15  amount of compensation that would afford Plaintiff adequate relief, all in accordance with the relief

16  provided by Code of Civil Procedure section 526.

17      This application is based upon the attached Memorandum, the Declaration of David Strawn

18  (Strawn's Concrete Founder and Manager), the Complaint in this action, and the accompanying

19  Declaration of Bonnie L. Stokes.

20

21  Dated: September 9, 2019.                    **STOKES O'BRIEN, LLP**
                                                /s/ *Bonnie L. Stokes*
22                                              Bonnie L. Stokes
                                                Attorneys for Plaintiff
23

24

25

26

27

28
                                    2

1 | Bonnie L. Stokes, State Bar No. 249783
2 | Brittany A. Salamin, State Bar No. 326556
  | STOKES O'BRIEN, LLP
3 | 750 B Street, Suite 1610
  | San Diego, California 92101
  | Telephone No.: 619.696.0017
4 | Fax No.: 619.342.9663
  | E-Mail: bonnie@stokesobrien.com
5 |
6 | Attorneys for Plaintiffs Strawn's Concrete, Inc., and
  | David Strawn

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | IN THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

9 |

10 | STRAWN'S CONCRETE, INC., a California corporation; and DAVID STRAWN, an individual, | Case No. 37-2019-00045620-CU-FR-CTL
11 |
12 |       Plaintiffs, | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**
13 | v. |
14 | COMPLETE BUSINESS SOLUTIONS GROUP, INC. D/B/A PAR FUNDING D/B/A BROADWAY ADVANCE FUNDING, a Pennsylvania Corporation; and DOES 1 through 25, inclusive, | Hearing:
15 | | Date: September 10, 2019
16 | | Time: 9:00AM
   | | Dept.: C-75
17 |       Defendants. |
18 | | Assigned for All Purpose to:
   | | Judge: Hon. Richard E. L. Strauss
19 | | Complaint Filed: August 29, 2019
   | | Trial Date: None set.
20 |

21 |       Upon review of the Complaint of Plaintiffs on file in the above-entitled action, the accompanying

22 | declaration(s), and upon argument of counsel, it appears the satisfaction of the court that this is a proper

23 | case for granting an order to show cause for a preliminary injunction and a temporary restraining order in

24 | that, unless the temporary restraining order prayed for be granted, great or irreparable injury will result to

25 | plaintiff before the matter can be heard on notice.

26 | ///

27 | ///

28 | ///

1

IT IS ORDERED that, pending the hearing and determination of the order to show cause, the above-named defendants, and each of them, and their officers, agents, employees, representatives, and all persons acting in concert or participating with them, are restrained and enjoined from engaging in or performing, directly or indirectly, any and all of the following acts:

 1. Interfering in any way with Plaintiffs contractual relationships with Third Parties;

 2. Contacting Plaintiffs regarding payment via telephone, cell phone, and text; and

 3. Without limitation, contacting entities with whom Plaintiffs have contractual relationships.

IT IS FURTHER ORDERED that the above-named defendants, and each of them, appear in Department C-75 of this court, located at 330 West Broadway San Diego, CA 92101 on _____(date), at _____ (time), or soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they and their agents, servants, employees and representatives, and all persons acting in concert or participating with them, should not be enjoined and restrained during the pendency of this action from engaging in, committing, or performing, directly or indirectly, any and all of the above stated acts.

IT IS FURTHER ORDERED that:

a. Plaintiff shall serve this order to show cause on defendants in the following time and manner:

b. Proof of service must be delivered to the court hearing the OSC on:

c. The parties shall adhere to the following briefing schedule:

_____  _____  _____

_____  _____  _____

IT IS FURTHER ORDERED that copies of the declaration(s), and this order to show cause and temporary restraining order be served the parties against whom this order is made not later than _____(date).

DATED: _____, 2019      _____

                Hon. Richard E.L. Strauss

                         2

_____

                Judge of the Superior Court

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION